IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAMMIE MANLEY,**

    **Plaintiff,**

                                        Case No. 2:18-cv-310
                                        Judge Michael H. Watson
    v.                                      Magistrate Judge Elizabeth P. Deavers

**L. HUGHES,** *et al.***,**

    **Defendants.**

## ORDER and INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Rammie Manley, a state inmate who is proceeding without the assistance of counsel, previously filed his Complaint (ECF No. 1), but failed to pay the requisite $400.00 filing fee or to file an application for leave to proceed *in forma pauperis*. The Court therefore issued an Order and Notice of Deficiency, advising Plaintiff of this deficiency and ordering him to submit the required filing fee or an application for leave to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff has now filed a motion for leave to proceed *in forma pauperis* (ECF No. 4), along with a certified copy of his trust fund statement (ECF No. 5). Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, having performed the initial screen of the Complaint required by 28 U.S.C. § 1915(e), for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims against Defendant Ohio Department of Rehabilitation and Corrections ("ODRC") for failure to assert any claim on which

relief may be granted and that the remaining claims be **TRANSFERRED** to the Northern District of Ohio Eastern Division at Youngstown.

# I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[1]Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

**II.**

Plaintiff is an inmate at the Ohio State Penitentiary ("OSP"), a prison located in Mahoning County, Ohio. (*See generally* ECF No. 1.) According to the Complaint, Plaintiff was assaulted by corrections officers and lieutenants while in segregation at OSP. (*Id*. at PAGEID ## 6–8.) Plaintiff alleges that he suffered injuries resulting from this attack. (*Id*.)

The Complaint names as Defendants ten individual OSP corrections officers and lieutenants. (*Id*. at PAGEID ## 2–5.) On the first page of the Complaint, Plaintiff also identifies ODRC as a Defendant. (*Id*. at PAGEID # 1.) However, the Complaint contains no factual allegations against ODRC. (*See generally id*.) Accordingly, Plaintiff has alleged no set of facts that would constitute a cause of action against ODRC. Fed. R. Civ. P. 8(a); *Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Plaintiff's remaining claims are against Defendants who do not reside in this district and concern the conditions of his confinement and the propriety of certain incidents that he alleges occurred at OSP, which is located in Mahoning County, Ohio, and which falls within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division. 28 U.S.C. § 115(a)(1). Venue in this Court is therefore not proper. *Id.*; *see also* 28 U.S.C. § 1391 (stating that venue is proper in the judicial district where any defendants reside or in which the claims arose). Instead, venue is proper in the United States District Court for the Northern District of Ohio Eastern Division at Youngstown, which serves Mahoning County.

**III.**

For the reasons explained above, Plaintiff's Complaint fails to assert any claim on which relief may be granted against Defendant ODRC. It is therefore **RECOMMENDED** that Plaintiff's claims against Defendant ODRC be dismissed for failure to assert any claim on which

4

relief may be granted. It is **FURTHER RECOMMENDED** that this action be **TRANSFERRED** pursuant to 28 U.S.C. § 1404(a) or 1406 to the United States District Court for the Northern District of Ohio Eastern Division at Youngstown.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date:  May 24, 2018                                  /s/ *Elizabeth A. Preston Deavers*
                                                     ELIZABETH A. PRESTON DEAVERS
                                                     UNITED STATES MAGISTRATE JUDGE